FILED
SUPERIOR COURT
OF GUAM

2019 JAN 29 PM 2: 08

CLERK OF COURT
BY:

**IN THE SUPERIOR COURT OF GUAM**

|  |  |
|---|---|
| THE PEOPLE OF GUAM, | **Superior Court Case No. CF0283-17** |
| vs. | **DECISION AND ORDER**<br>**re**<br>**MOTION TO SUPPRESS** |
| RAYMOND QUINTANILLA DUENAS,<br>Defendant. |  |

Defendant Raymond Quintanilla Duenas seeks to suppress evidence retrieved during a warrantless search of his residence. Following an evidentiary hearing[1] and having considered the parties' arguments and applicable law, the Court hereby GRANTS Duenas' motion.

## I.   FACTUAL BACKGROUND

On May 19, 2017, the People filed a Magistrate's Complaint alleging that Duenas committed Possession of a Firearm Without an ID Card (as a Third Degree Felony). According to the Declaration attached to the Magistrate's Complaint, on or about May 17, 2017, the police responded to a disturbance involving gunshots in Santa Rita and discovered a firearm. Duenas has since been indicted with Possession of a Firearm Without an ID Card (as a Third Degree Felony).

In his Motion to Suppress, Duenas argues that police discovered the gun at his residence, but the police had no warrant or consent to search his home. Duenas therefore asks that the

---

[1] Assistant Public Defender Peter Sablan represents Duenas; Assistant Attorney General Sean Brown represents the People of Guam.

**ORIGINAL**

Court suppress evidence from the warrantless search. Mot. Suppress Evidence at 3 (Nov. 3, 2017). In opposition, the People admit police did not acquire a warrant prior to the search. However, they argue that Duenas' nephew Lawrence Osborne, an off-duty police officer, had the consent of his mother, whom Osborne understood to be paying the bills for Duenas' residence. Opp'n at 3 (Nov. 9, 2017).

At the evidentiary hearing, Osborne testified that:

1. On May 17, 2017, Osborne conducted a search of Duenas' residence in Santa Rita.

2. Osborne's mother is Duenas' sibling.

3. Osborne believed that his mother owned the home where Duenas lives because his mother pays the bills for that residence, and has a key. Osborne's mother lives across the street. Osborne has not seen any legal documents stating that his mom owns the home.

4. Osborne was off-duty on the day in question. He was heading to his mother's residence when he heard that other GPD officers were called to Osborne's family compound. The officers informed Osborne that an incident had occurred, shots had been fired, and that they were looking for a gun.

5. Neither police nor Osborne's mother asked Osborne to look for a gun, and Osborne did not seek anyone's permission to enter Duenas' residence.

6. Osborne searched for the gun out of motivation to help his fellow officers and his mother, who was reportedly suffering from anxiety and having difficulty breathing.

7. Osborne searched for the gun in Duenas' residence and located a gun at the outside kitchen.[2]

8. Neither Osborne nor police officers at the scene obtained a search warrant.

---

[2] At the hearing, the People retracted their argument that the gun was in plain view.

ORIGINAL

9. Osborne would not have searched for the gun without a search warrant at another location besides his family's home.

## II.  LAW AND DISCUSSION

Warrantless searches are presumptively unreasonable.  However, that general rule is subject to certain well-established exceptions, such as voluntary consent.  *People v. Camacho,* 2004 Guam 6 ¶ 16; *People v. Chargualaf,* 2001 Guam 1 ¶ 14.  When evidence is obtained pursuant to a warrantless search, the People must prove by a preponderance of the evidence that consent was given voluntarily.  *People v. Cundiff,* 2006 Guam 12 ¶ 49.  Consent may be acquired from the individual whose property is searched or from a third party who possesses common authority over the premises.  *Id.* ¶ 46.  Consent must be "unequivocal and specific" and "freely and intelligently given."  *U.S. v. Basher,* 629 F.3d 1161, 1167 (9th Cir. 2011) (analyzing whether a head nod constitutes consent).  Also, "[v]oluntariness is determined from the totality of the circumstances."  *Cundiff,* 2006 Guam 12 at ¶ 49.

Since no warrant existed to search the residence, the Court focuses on whether the police acquired consent prior to the search.  The People have presented no evidence that Osborne obtained or acquired anyone's consent, even his mother's.  Also without question, neither his mother nor his uncle voluntarily provided consent to a search of Duenas' residence.  Osborne, in his quest to assist his fellow police officers, searched a home without a warrant, and without seeking the consent of any of those persons who have an interest in the home.  Osborne and the police took advantage of Osborne's familiarity with Duenas' residence, but the Fourth Amendment still prohibits unreasonable searches even under these circumstances.  Simply put, the police wrongly assumed consent just because of Osborne's familial relationships.  The

warrantless search of Duenas' residence violated Duenas' Fourth Amendment rights, and the fruits of the search must therefore be suppressed.

While the People argue that Osborne's mother had common authority to consent, this issue need not be reached because Osborne's mother did *not* give consent to search Duenas' residence. Osborne acted without consulting his mother, and so the Court need not even measure the extent to which Osborne's mother was unequivocal or specific as to her consent. Since Osborne was given no consent by his mother, whether his mother had the authority to give such consent to search the residence bears no consequence.

Finally, the People argue that warrantless searches may stand if exigent circumstances exist justifying a warrantless entry, such as destruction or removal of evidence. Opp'n at 3 (citing *Cupp v. Murphy*, 412 U.S. 291, 295 (2000)). However, the People failed to present any evidence that the destruction or removal of evidence formed the core of Osborne's motivation. To the contrary, Osborne searched out of his concern for his mother's health and to assist his fellow officers. Also, Osborne believed that had the incident occurred anywhere else, he would have obtained a warrant first. Because the People have not presented any evidence that Osborne believed that evidence could be destroyed or removed, the exigent circumstances exception fails to apply.

## III.    <u>CONCLUSION AND ORDER</u>

Since the police did not obtain consent to search Duenas' residence, the Court GRANTS Duenas' Motion to Suppress.

SO ORDERED this 29th day of January 2018.

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of: _____
AG, PDSC

Date: 1/29/18 Time: 2:10p

Deputy Clerk, Superior Court of Guam

_____
HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

ORIGINAL